# EXHIBIT A



*14579988*

1  William Turley, Esq. (122408)
   David Mara, Esq. (230498)
2  Jill Vecchi (299333)
   **THE TURLEY LAW FIRM, APLC**
3  7428 Trade Street
   San Diego, California 92121
4  Telephone: (619) 234-2833
   Facsimile: (619) 234-4048
5
6  Attorneys for JAVIER RODRIGUEZ JR.
   on behalf of himself, all others similarly situated,
7  and on behalf of the general public.

8

**F I L E D**
ALAMEDA COUNTY

JUL 2 8 2016

CLERK OF THE SUPERIOR COURT
By _____
JAMIE THOMAS, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF ALAMEDA

10
11  JAVIER RODRIGUEZ JR. on behalf of
    himself, all others similarly situated,
    and on behalf of the general public,
12
    Plaintiff,
13
14  v.
15
16  FRESHPOINT, INC.; FRESHPOINT
    SAN FRANCISCO, INC.; and DOES 1-
    100,
17
    Defendants.
18
19
20
21
22
23
24
25
26
27
28

Case No.    **RG16825142**

**PLAINTIFF'S CLASS ACTION
COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, DECLARATORY
RELIEF, AND RESTITUTION**

1)  Failure to Pay All Straight Time
    Wages;
2)  Failure to Pay Overtime;
3)  Failure to Provide Meal Periods (Lab.
    Code §§ 226.7, 512, IWC Wage Order
    Nos. 9-1998, 9-2000, 9-2001(11); Cal.
    Code Regs., tit. 8 § 11090);
4)  Failure to Authorize and Permit Rest
    Periods (Lab. Code § 226.7; IWC
    Wage Order Nos. 9-1998, 9-2000, 9-
    2001(12); Cal. Code Regs. Title 8 §
    11090);
5)  Knowing and Intentional Failure to
    Comply with Itemized Employee
    Wage Statement Provisions (Lab.
    Code §§ 226, 1174, 1175);
6)  Failure to Pay All Wages Due at the
    Time of Termination of Employment
    (Lab. Code §§201-203);
7)  Violation of Unfair Competition Law
    (Bus. & Prof. Code § 17200, et seq.).

**DEMAND FOR JURY TRIAL**

BY FAX

Plaintiff JAVIER RODRIGUEZ JR., on behalf of himself, all others similarly situated, and on behalf of the general public, complains of Defendants and/or DOES and for causes of action and alleges:

1.  This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiff, JAVIER RODRIGUEZ JR., and all non-exempt, hourly truck workers, truck drivers, drivers, or similar job designations who are presently or formerly employed by FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES and/or its subsidiaries or affiliated companies and/or predecessors and/or DOES, within the State of California.

2.  At all times mentioned herein, FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES own and operate trucks, industrial trucks, industrial vehicles, and/or industrial work sites. At all times during the liability period, FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES have conducted business in ALAMEDA County and elsewhere within California.

3.  At all times mentioned herein, FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or subsidiaries or affiliated companies and/or DOES, within the State of California, have, among other things, employed current and former non-exempt employees with job titles including, truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, and/or industrial workers (hereinafter "Non-Exempt Employees").

4.  At all times mentioned herein, the common policies and practices of FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES was a direct cause of Defendants' failure to comply with California's wage and hours laws, Wage Orders, and/or the California Labor Code, as set forth more fully within.

5.  For at least four years prior to the filing of this action and through to the present, Defendants FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES have had a consistent policy and/or practice of not paying Plaintiff and its Non-

Exempt Employees for all of the hours they worked. Specifically, Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES have had a continuous and widespread policy of "clocking-out" Plaintiff and those similarly situated for thirty (30) minute meal periods (referred to as "auto-meal deduct"), even though Plaintiff and those similarly situated were suffered and/or permitted to work during these deduction periods, thereby deducting thirty (30) minutes of paid time, including straight time and overtime.

6.    For at least four years prior to the filing of this action and through to the present, Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES have had a consistent policy and/or practice of failing to provide all straight time and overtime wages owed to Non-Exempt Employees, as mandated under the *California Labor Code* and the implementing rules and regulations of the Industrial Welfare Commission's ("IWC") California Wage Orders.

7.    For at least four years prior to the filing of this action and through to the present, Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages.

8.    For at least four years prior to filing of this action and through the present, Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES did not have a policy of allowing its hourly employees working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage Order of the IWC.

9.    For at least four years prior to the filing of this action and through to the present,

Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work over ten (10) hours without providing an additional, uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

10. For at least four years prior to the filing of this action and through to the present, Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES have had a consistent policy and/or practice of requiring its Non-Exempt Employees within the State of California, including Plaintiff, to work for over four hours, or a major fraction thereof, without a 10 minute rest period, and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provide, or other compensation, as required by California's state wage and hour laws.

11. For at least four years prior to the filing of this action and through to the present, Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to provide to Plaintiff and its Non-Exempt Employees, accurate itemized employee wage statements.

12. For at least four years prior to the filing of this action and through to the present, Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES and/or their officers and/or managing agents have had a consistent policy and/or practice of willfully failing to timely pay wages owed to Plaintiff and those Non-Exempt Employees who left Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES employ or who were terminated.

13. For at least four years prior to the filing of this action and through to the present,

FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES, by failing to lawfully pay Plaintiff and those similarly situated all the wages they are owed, engaged in false, unfair, fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq*.

14.   FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES business is staffed, *inter alia*, by hourly employees that are truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or any similar hourly job designation or title, employed by Defendants in ALAMEDA County and throughout the State of California.

15.   Defendants and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked.

16.   Defendants and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked. Specifically, Defendants has not paid for all time employees worked throughout the day. Including, but not limited to rounding, before "shifts" start, after "shifts" end, and/or any other time in the day when the employees were performing work tasks, subject to the control of employer and/or otherwise had work duties.

17.   Throughout the statutory period, Plaintiff and similarly situated Non-Exempt Employees were employed by Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES as industrial truck workers, industrial vehicle workers, and/or industrial workers and/or other hourly employees with similar job titles or designations.

18.   Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES employees; including Plaintiff and similarly situated Non-Exempt Employees, were not provided all straight time and overtime wages owed, meal periods and rest periods, or compensation in lieu thereof, as mandated under the *California Labor Code*, and the implementing rules and regulations of the Industrial Welfare Commissions ("IWC") California Wage Orders.

19. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES employees; including Plaintiff and similarly situated Non-Exempt Employees were not provided with accurate and itemized employee wage statements.

20. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES failed to comply with Labor Code section 226, subdivision (a), by itemizing in wage statements all hourly compensation and accurately reporting total hours worked by Plaintiff and the members of the proposed class. Plaintiff and members of the proposed class are entitled to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

21. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES have failed to comply with IWC Wage Order 9-2001(7) by failing to maintain time records showing hourly compensation, when the employee begins and ends each work day and total daily hours worked by itemizing in wage statements and accurately reporting total hours worked by Plaintiff and members of the proposed class.

22. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES failure to retain accurate records of total hours worked by Plaintiff and the proposed class was willful and deliberate, was a continuous breach of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES duty owed to Plaintiff and the proposed class.

23. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES employees, including Plaintiff and similarly situated Non-Exempt Employees, were not timely paid all wages owed to them at the time of termination.

24. Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES are and were aware that Plaintiff and members of the proposed Plaintiff Class were not paid all straight time and overtime wages owed, nor provided meal and rest periods. Defendants' and/or DOES denial of wages and other compensation due to

1    Plaintiff and members of the proposed Plaintiff class was willful and deliberate.

2  25.  Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or

3        DOES each and collectively controlled the wages, hours, and working conditions of

4        Plaintiff and the Class he seeks to represent, creating a joint-employer relationship over

5        Plaintiff and the Class he seeks to represent.

6  26.  Plaintiff JAVIER RODRIGUEZ JR., on behalf of himself and all of FRESHPOINT,

7        INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES Non-Exempt Employees,

8        brings this action pursuant to *California Labor Code* sections 226, subd. (b), 226.7, 510,

9        512, 515, 558, 1194, and California Code of Regulations, Title 8, section 11090, seeking

10       unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and

11       other equitable relief, and reasonable attorneys' fees and costs.

12 27.  Plaintiff JAVIER RODRIGUEZ JR., on behalf of himself and all putative Class Members

13       of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES non-

14       exempt employees, pursuant to *California Business and Professions Code* sections

15       17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits

16       FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES enjoyed

17       from their failure to pay all straight time wages, overtime wages, and meal and rest

18       period compensation.

19  **I.    VENUE**

20 28.  Venue as to each Defendants, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO,

21       INC., and/or DOES, is proper in this judicial district, pursuant to Code of Civil Procedure

22       section 395. Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.,

23       and/or DOES conduct business and commit Labor Code violations within ALAMEDA

24       County; and each of the Defendants and/or DOE is within California for service of

25       process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and

26       those similarly situated within the State of California and within ALAMEDA County.

27       Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or

DOES employ numerous Class Members who work in ALAMEDA County, in California.

## II.  PARTIES

A.  Plaintiff.

29. At all relevant times herein, Plaintiff JAVIER RODRIGUEZ JR. is and was a resident of California. At all relevant times herein, he was employed by Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES within the last four years as a non-exempt truck worker, industrial truck worker, industrial truck driver, industrial vehicle driver, industrial worker and/or any similar job designation at FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES in California. Throughout his employment with FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES, JAVIER RODRIGUEZ JR. was employed as a non-exempt truck worker, industrial truck worker, industrial truck driver, industrial vehicle driver, industrial worker, and/or any similar job designation.

30. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' common company policies of failing to pay all straight time and overtime wages owed.

31. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' common company policies of illegally deducting wages from employees.

32. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' common policies and/or practices of failing to pay all straight time and overtime wages owed, auto-meal deduct, and providing no meal periods to employees working at least five (5) hours or any additional meal periods for working in excess of ten (10) hours, or compensation in lieu thereof.

33. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES' common company policies of failing to provide ten (10) minute paid rest breaks to employees whom worked four (4) hours or major fraction thereof.

34. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES' common company policies of failing to provide Non-Exempt Employees with accurate itemized wage statements. On information and belief, Defendants and/or DOES failure to provide to their Non-Exempt Employees, including Plaintiff, with accurate itemized wage statements was willful.

35. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES' common company policies of failing to timely compensate Non-Exempt Employees all wages owed upon termination. On information and belief, Defendants and/or DOES failure to pay Non-Exempt Employees, including Plaintiff, in a timely manner, compensation owed to them upon termination of their employment with FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES was willful.

36. On information and belief, Plaintiff and all other members of the proposed Class experienced Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES fraudulent and deceptive business practices within the meaning of the Business and Professions Code section 17200, *et seq.*

37. Plaintiff and the proposed class he seeks to represent are covered by, inter alia, California IWC Occupational Wage Order Nos. 9-1998, 9-2000, and 9-2001, and Title 8, California Code of Regulations, §11090.

**B.   Defendants.**

38. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES own and

operate trucks, industrial trucks, industrial vehicles, and/or industrial work sites, and, at all times during the liability period, have conducted business in ALAMEDA County and elsewhere within California. At these work sites and throughout California, Defendants FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES have, among other things, employed persons as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations.

39.   FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES employed Plaintiff and members of the proposed Class throughout the statutory liability period as non-exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations. On information and belief, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES employed Plaintiff and members of the proposed Class on an hourly basis within California. On information and belief, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES exercised control over the wages, hours, and/or working conditions of Plaintiff and members of the proposed class.

40.   FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES principal place of business is in the State of California. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES have numerous office and/or contacts in the State of California. California is the nerve center of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES' operations.

41.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this

Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known:

42. Plaintiff is informed and believes, and based thereon alleges, that each Defendants and/or DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each of the Defendants and/or DOES are legally attributable to the other Defendants and/or DOES.

III.   **CLASS ACTION ALLEGATIONS**

43. Plaintiff brings this action on behalf of themselves and all others similarly situated as a class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by Defendants in the State of California as hourly, Non-Exempt truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations.

Plaintiff also seeks to represent a Subclass composed of and defined as follows:

> All persons who are or have been employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 5 hours.

All persons who are or have been employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours.

All persons who are or have been employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours.

All persons who are or have been employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 12 hours.

All persons who are or have been employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES in the State of California as truck workers, industrial truck workers,

industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 3 hour and one-half hours, but less than or equal to 6 hours.

All persons who are or have been employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 6 hours, but less than or equal to 10 hours.

All persons who are or have been employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in excess of 10 hours.

All persons who are or have been employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES in

the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who separated their employment from Defendants.

All persons who are or have been employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who worked one or more shifts in which they received a wage statement for the corresponding pay period.

All persons who are or have been employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who were subject to auto-deduct, when they were not relieved of all duties.

All persons who are or have been employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES in the State of California as truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial

workers, and/or other similar job designations and titles during the period of the relevant statute of limitations, who were subject to rounding, before "shifts" start, after "shifts" end, and/or any other time in the day when the employees were performing work tasks, subject to the control of employer and/or otherwise had work duties.

44. Plaintiff reserves the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

45. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

A. Numerosity.

46. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES currently employ, and during the liability period employed, over fifty employees, all in the State of California, in positions as FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES non-exempt employees that are truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles in ALAMEDA County and dispersed throughout California during the liability period and who are or have been affected by FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES policies of wage theft, failure to pay all straight and overtime wages owed, failure to provide meal and/or rest periods without the appropriate legal compensation, willful failure to pay all wages due at time of

separation from employment, failure to timely pay waiting time monies, and knowing and intentional failure to provide accurate and itemized employee wage statements.

47. Accounting for employee turnover during the relevant periods increases this number substantially. Upon information and belief, Plaintiff alleges FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.**    **Commonality.**

48. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(1)    Whether FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES violated the *Labor Code* and/or applicable IWC Wage Orders in failing to pay employees all earned wages at the regular rate for all hours worked.

(2)    Whether FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES uniform policies of establishing and scheduling routes to be completed in overly demanding time frames resulted in FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES not providing meal and rest breaks, in that said policies pressured its Non-Exempt Employees to complete their routes and/or assigned tasks within rigorous time frames and not take meal and rest breaks and/or not legally provide meal periods.

(3)    Whether FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES uniform policies of establishing and scheduling routes and/or assigning tasks to be

completed in overly demanding time frames resulted in FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES pressuring its Non-Exempt Employees to complete their routes and/or tasks within the rigorous time frames and not take meal breaks.

(4)     Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES discouraging its Non-Exempt Employees from taking meal periods.

(5) Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES impeding its Non-Exempt Employees from taking meal periods.

(6)     Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES uniform policies of establishing and scheduling routes and/or assigning tasks to be completed in overly demanding time frames resulted in FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES pressuring its Non-Exempt Employees to forego taking meal periods.

(7)     Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had a pattern and practice

of pressuring its Non-Exempt Employees to complete routes and/or assigned tasks within time frames that made it impractical for Non-Exempt Employees to be relieved of all duties for thirty (30) minute meal periods and/or ten (10) minute rest breaks.

(8)    Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES violated the *Labor Code* and/or applicable IWC Wage Orders in automatically deducting thirty (30) minutes from its Non-Exempt Employees for each day worked – regardless of whether the Non-Exempt Employees were relieved of all duties for thirty (30) minutes.

(9)    Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES violated *Labor Code* section 226.7, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or provide rest periods to employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(10)    Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES violated *Labor Code* sections 226, 1174, 1175 and IWC Wage Order No. 9-2001 subsections (7)(a), (7)(b), (7)(c) by knowingly, intentionally, and willfully failing to, among other things, accurately report compensation owed for rest period violations.

(11)    Whether FRESHPOINT, INC.; FRESHPOINT

SAN FRANCISCO, INC., and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES employ or who were terminated.

(12) Whether FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES violated *Labor Code* section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES employ or who were terminated.

(13) Whether FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES violated section 17200, et seq. of the *California Business and Professions Code* by failing to pay all straight and overtime wages owed, failing to provide rest periods without compensating proposed Class Members one (1) hour's pay for every day such periods were not provided, failing to pay all wages due upon termination of employment, and failing to keep accurate records of Class Members' compensation owed.

(14) Whether FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies and/or practices of failing to pay employees all earned wages at the regular rate for all hours worked.

(15) Whether FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies and/or practices of automatically deducting thirty (30) minutes

from its Non-Exempt Employees for each day worked – regardless of whether the Non-Exempt Employees were relieved of all duties for thirty (30) minutes.

(16) Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES uniform policy of automatically deduction thirty (30) minutes from its Non-Exempt Employees for each day worked – regardless of whether the Non-Exempt Employees were relieved of all duties for thirty (30) minutes – violated the *Labor Code* and Wage Orders.

(17) Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies and/or practices of failing to authorize, permit, and/or provide rest periods to employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(18) Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(19) Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES employ or who were terminated.

(20)   Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES uniform policies violate Wage Order No. 9-2001 and *Labor Code* section 226.7.

(21)   Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES wrongly converted Plaintiff's and proposed Class members' wages and/or monies to their own use.

(22)   Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES fraudulently represented to Plaintiff and members of the proposed Class that all wages would be paid in order to induce Plaintiff and the Class he seeks to represent into believing all wages would be paid and to induce Plaintiff and the Class he seeks to represent to work for longer hours.

(23)   Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES have been unjustly enriched by wrongfully and unlawfully failing to pay Plaintiff and members of the proposed Class wages they are owed.

(24)   Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES violated *Labor Code* sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders and California Code of Regulations, Title 8, section 11090, by not relieving Non-Exempt Employees from all duties during a 30-minute meal period and not counting the time as time worked.

(25)   Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES violated Cal. Code Regs.

tit. 8, § 11090, subds. 11(B) by not providing second meal periods to Plaintiff and members of the proposed Class.

(26)   Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES violated *Labor Code* sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders and California Code of Regulations, Title 8, section 11090, by failing to provide meal periods to Non-Exempt Employees per every (5) hours of continuous work and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

(27)   Whether the inexistence of a policy allowing a second meal period in shifts of over five (5) hours resulted in FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES Non-Exempt Employees not being provided a second meal period in accordance with the *Labor Code* and Wage Orders.

(28)   Whether the inexistence of a policy allowing a third rest period in shifts of over ten (10) hours resulted in FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES Non-Exempt Employees not being authorized and permitted to take a rest period in shifts of over ten (10) hours in accordance with the *Labor Code* and Wage Orders.

(29)   Whether FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had a uniform policy of failing to pay Non-Exempt Employees for all straight and overtime wages owed.

(30) Whether FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES violated *Labor Code* sections 510, 1194, and other provisions by shaving time and failing to pay all straight time and overtime wages owed.

(31) Whether FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked due to rounding, before "shifts" start, after "shifts" end, and/or any other time in the day when the employees were performing work tasks, subject to the control of employer and/or otherwise had work duties.

49. The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

50. Each of said respective work practices' and/or policies were uniform throughout all of FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES California locations during the class period.

51. Said common questions predominate over any individualized issues and/or questions affecting only individual members.

C. **Typicality.**

52. The claims of the named Plaintiff are typical of the claims of the proposed Class. Plaintiff and all members of the proposed Class sustained injuries and damages arising out of and caused by FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

53. Plaintiff JAVIER RODRIGUEZ JR. was subjected to the same uniform policies and/or practices that affected all such employees.

54. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES uniform policies and/or practices resulted in said employees not being compensated for all straight time and overtime wages.

55. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies and/or practices of automatically deducting thirty (30) minutes from its employees for each day worked, regardless of whether the employees were relieved of all duties for thirty (30) minutes, resulted in said employees not being compensated for all earned wages

56. As a result of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES uniform policies and/or practices of automatic deductions and not paying all wages, Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles were not paid the wages owed to them. Thus, Plaintiff and truck workers; industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles are owed their earned wages.

57. Throughout the statutory periods; FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies of pressuring Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles to not take meal and/or rest breaks.

58. As a result of said uniform policies and/or practices of pressure, Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles regularly did not take meal and/or rest periods and/or worked during meal and/or rest periods.

59. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies and/or practices of discouraging Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial

vehicle drivers, industrial workers, and/or other similar job designations and titles from taking meal and/or rest periods.

60.   As a result of said uniform policies and/or practices of discouragement, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles regularly did not take meal and/or rest periods and/or worked during meal and/or rest periods.

61.   Throughout the statutory period, FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies and/or practices encouraging Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles of working during meal and/or rest periods.

62.   As a result of said uniform policies and/or practices of encouraging Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles to work during rest periods, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles did not take meal and/or rest periods and/or worked during meal and/or rest periods.

63.   Throughout the statutory period, FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies and/or practices of impeding Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles from taking meal and/or rest periods.

64.   As a result of said uniform policies and/or practices of impeding Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles from taking rest periods, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and

titles did not take meal and/or rest periods and/or worked during meal and/or rest periods.

65. Throughout the statutory period, FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies and/or practices of not satisfying its obligation to authorize and permit rest periods and/or provide meal periods to its employees, including truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles.

66. As a result of said uniform policies and/or practices Defendants and/or DOES had of not satisfying its obligations to authorize and/or permit rest periods, Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles regularly either did not receive meal and/or rest periods and/or worked during meal and/or rest periods.

67. Throughout the statutory period, FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies and/or practices resulted in said employees not being provided with accurate and itemized wage statements.

68. As a result of FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES uniform policies and/or practices of not providing employees with accurate and itemized wage statements, Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles were not provided with accurate and itemized wage statements. Thus, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles are owed appropriate penalties.

69. Throughout the statutory period, FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES had uniform policies and/or practices that resulted in employees not being timely paid all wages owed to them at the time they left FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES employ.

or were terminated.

70. As a result of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES uniform policies and/or practices of not paying all wages owed at the time of termination, Plaintiff and said truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles were not paid the wages owed to them in a timely manner when they left FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES employ or were terminated. Thus, Plaintiff and truck workers, industrial truck workers, industrial truck drivers, industrial vehicle drivers, industrial workers, and/or other similar job designations and titles who left FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES employ or were terminated during the statutory period are owed waiting time penalties.

**D.**   **Adequacy of Representation.**

71. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.

72. Plaintiff is ready and willing to take the time necessary to help prosecute this case.

73. Plaintiff has no conflicts that will disallow her to fairly and adequately represent and protect the interests of the members of the class.

74. Counsel who represent Plaintiff are competent and experienced in litigating large employment class actions.

75. Specifically, William Turley, Esq. and David Mara, Esq, are California lawyers in good standing.

76. Mr. Turley regularly lectures lawyers on wage and hour class action issues. He has been a featured speaker on many ACI Wage and Hour Class Action presentations and Consumer Attorney of California Wage and Hour Class Action presentations.

77. Mr. Turley is listed as Amicus counsel on over 20 California Supreme Court decisions.

78. Mr. Turley is a Past President of Consumer Attorneys of San Diego and has been elected

to the Board of Governors of the Consumer Attorneys of California for over 15 years. Mr. Turley is currently on and has been a member of the Consumer Attorneys of California Amicus Curie Committee for over 20 years.

79. Mr. Turley has had over 100 legal articles published, including some on California Labor Code.

80. Mr. Turley and Mr. Mara were appointed class counsel in the landmark California Supreme Court case, *Brinker v. Superior Court* and have been appointed as class counsel in many California wage and hour cases, in both State Court and Federal Court.

81. Mr. Turley and The Turley Law Firm, APLC have the resources to take this case to trial and judgment, if necessary.

82. Mr. Turley and Mr. Mara have the experience, ability, and ways and means to vigorously prosecute this case.

**E.    Superiority of Class Action.**

83. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of FRESHPOINT, INC., FRESHPOINT SAN FRANCISCO, INC., and/or DOES illegal policies and/or practices of failing to pay all straight time and overtime wages owed, failing to permit or authorize rest periods, failing to provide meal periods, knowingly and intentionally failing to comply with wage statement requirements, and failing to pay all wages due at termination.

84. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

85. Because such common questions predominate over any individualized issues and/or

questions affecting only individual members, class resolution is superior to other methods

for fair and efficient adjudication.

IV.   **CAUSES OF ACTION**

**First Cause of Action Against FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES: Failure to Pay All Straight Time Wages**

86.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

87.   Defendants and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked.

88.   Defendants and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked. Specifically, Defendants has not paid for all time employees worked throughout the day. Including, but not limited to rounding, before "shifts" start, after "shifts" end, and/or any other time in the day when the employees were performing work tasks, subject to the control of employer and/or otherwise had work duties.

89.   Defendants and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked. Specifically, Defendants and/or DOES have a continuous and consistent policy of clocking-out Plaintiff and those similarly situated for a thirty (30) minute meal period, even though Plaintiff and all members of the Class work through their meal periods.

90.   Thus, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES shave/steal earned wages from Plaintiff and each and every member of the Class each and every day they work without a meal period and have time automatically deducted.

91.   Plaintiff and those similarly situated Class members are informed and believe and thereon allege that FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES breached the legal duty to pay full wages to Plaintiff by automatically deducting a portion of the wages earned when Plaintiff and the Class members' actual time records

indicated that a meal period was not taken. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES devised an auto-meal deduct practice, manual method, electronic system, payroll system and/or a computer program to edit the actual hours reported by Plaintiff and the Class members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day and/or Plaintiff and the Class members were not relieved of all duties. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and Class members. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging," "shaving," or "scrubbing" and is prohibited by law. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES also failed to pay for the overtime that was due pursuant to *Labor Code* 510, 515 and 1194 and Industrial Welfare Commission Order No. 9-2001, item 3(A).

92.   Plaintiff and the Class members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiff and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

93.   FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class members. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class members' rights. Plaintiff and the Class

members are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial. Plaintiff is also entitled to any penalties allowed by law.

94. As a direct result of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES policy of illegal wage theft, Plaintiff and those similarly situated have been damaged in an amount to be proven at trial.

95. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Second Cause of Action Against FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES: Failure to Pay Overtime**

96. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

97. It is fundamental that an employer must pay its employees for all time worked. *California Labor Code* sections 218 and 218.5 provides a right of action for nonpayment of wages. *Labor Code* section 222 prohibits the withholding of part of a wage. *Labor Code* section 223 prohibits the pay of less than a statutory or contractual wage scale. *Labor Code* section 1197 prohibits the payment of less than the minimum wage. *Labor Code* section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

98. Defendants and/or DOES have had a continuous policy of not paying Plaintiff and those similarly situated for all hours worked. Specifically, Defendants has not paid for all time employees worked throughout the day, including, but not limited to rounding, before "shifts" start, after "shifts" end, and/or any other time in the day when the employees were performing work tasks, subject to the control of employer and/or otherwise had work duties.

99. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES failed to pay overtime when employees worked over eight hours per day and when employees worked over 40 hours per week.

100. Plaintiff and those similarly situated Class members were employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES at all relevant times. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES were required to compensate Plaintiff for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

101. Plaintiff and those similarly situated Class members are informed and believe and thereon allege that FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES breached the legal duty to pay full wages to Plaintiff by automatically deducting a portion of the wages earned when Plaintiff's and the Class Members' actual time records indicated that a meal period was not taken. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES devised a computer program to edit the actual hours reported by Plaintiff and the Class Members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiff and the Class Members. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported. The conduct complained of is a form of what is sometimes called "dinging" and is prohibited by law. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES also failed to pay for the overtime that was due, pursuant to IWC Wage Order No. 9-2001, item 3(A).

102. Plaintiff and the Class Members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiff and the Class Members have

suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiff and the Class Members. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES acted with malice or in conscious disregard of Plaintiff's and the Class Member's rights. In addition to compensation, Plaintiff is also entitled to any penalties allowed by law.

103.  WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Third Cause of Action Against FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES: Failure to Provide Meal Periods; or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(11); Cal. Code Regs., tit. 8, § 11090)**

104.  Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

105.  Under *California Labor Code* section 512 and IWC Wage Order No. 9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes. During this meal periods of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer. If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law. Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

106.  In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of less than

thirty (30) minutes.

107. Under *California Labor Code* section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

108. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five (5) consecutive hours. As such, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES non-exempt employees were required to work well over five (5) consecutive hours at a time without being provided a thirty (30) minute uninterrupted meal period within that time.

109. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES failed to provide thirty (30) minute, uninterrupted meal periods to its Non-Exempt Employees for every five (5) continuous hours worked.

110. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES business model was such that Non-Exempt Employees were assigned too much work that could not reasonably be completed in their assigned shift, work, and/or route; resulting in Non-Exempt Employees routinely and regularly being forced to eat their meals while driving and/or while working their routes.

111. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not breaking route to take meal periods.

112. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES

pressuring Non-Exempt Employees to complete their routes and/or tasks within the rigorous time frames and not take meal breaks.

113. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES discouraging Non-Exempt Employees from taking meal periods.

114. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had a pattern and practice of scheduling routes and assigning too much work to be completed in too short of time frames, resulting in FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES impeding Non-Exempt Employees from taking meal periods.

115. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES valued productivity over providing meal periods and, because of this, meal breaks were not priorities to FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES.

116. Because of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES demanding policies on route and/or completion times, Plaintiff and those similarly situated felt that breaking to exercise their rights to take meal periods would sacrifice their jobs with FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES.

117. Based on FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES demanding route and/or task completion time policies, Plaintiff and those similarly situated routinely worked through their meal periods, which compromised the health and welfare of, not only Plaintiff and those similarly situated, but all members of the general public.

118. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN

FRANCISCO, INC., and/or DOES had no policy that advised Plaintiff and those similarly situated of their right to take a second meal period.

119. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES thereby failed to provide an additional thirty (30) minute uninterrupted meal period for Non-Exempt Employees on days where they worked in excess of ten (10) hours.

120. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES willfully violated the provisions of *Labor Code* sections 226.7, 512, and IWC Wage Order No. 9.

121. As a result of the unlawful acts of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to *Labor Code* sections 226, 226.7, and IWC Wage Order Nos. 9-1998, 9-2000, 9-2001. Plaintiff and the Class he seeks to represent did not willfully waive their right to take meal periods through mutual consent with FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES.

122. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below:

**Fourth Cause of Action Against FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order Nos. 9-1998, 9-2000, 9-2001(12); Cal. Code Regs. Title 8 § 11090)**

123. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

124. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES failed to authorize and permit Non-Exempt Employees to take ten (10) minute rest periods every four (4) hours worked, or major fraction thereof.

125. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES failed to provide ten (10) minute paid rest breaks to Non-Exempt Employees for each four (4) hours worked, or major fraction thereof.

126. In the alternative, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES business model was such that Non-Exempt Employees were assigned too much work that could not be reasonably completed within their assigned shift, work, and/or route, resulting in Non-Exempt Employees routinely and regularly being forced to work through their rest periods.

127. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not breaking route to take rest periods.

128. Because of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES demanding policies en route and/or task completion times, Plaintiff and those similarly situated felt that breaking to exercise their rights to take rest breaks would sacrifice their jobs with FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES.

129. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES uniform policies and practices resulted in Non-Exempt Employees not receiving rest breaks.

130. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES valued productivity over providing rest periods and, because of this, rest periods were not priorities to FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES.

131. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES policies promoting productivity subjugated Plaintiff's and those similarly situated's rights to rest periods.

132. Based on FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES demanding route policies, Plaintiff and those similarly situated routinely worked through their rest periods, which compromised the health and welfare of, not only Plaintiff and those similarly situated, but all members of the general public.

133. Throughout the statutory period, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES had no policy that advised Plaintiff and those similarly situated of their rights to take an additional rest periods in shifts exceeding ten (10) hours in a day.

134. Thus, Plaintiff and those similarly situated had no way of knowing they were to be authorized and permitted a ten (10) minute rest period when working in excess of ten (10) hours a day.

135. By its failure to authorize and permit Class Members to take rest periods for every four (4) hours or major fraction thereof worked per day, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES willfully violated provisions of *Labor Code* section 226.7 and IWC Wage Order Nos. 9-1998, 9-2000, and 9-2001. Plaintiff and the Class Members he seeks to represent did not willfully waive their right to take rest periods through mutual consent with FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES.

136. As a result of the unlawful acts of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES, Plaintiff and the Class he seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, under *Labor Code* sections 226, 226.7, and IWC Wage Orders 9-1998, 9-2000, 9-2001.

137. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Fifth Cause of Action Against FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES: Knowing and Intentional Failure to Comply**

with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 4; Cal. Code Regs., Title 8; § 11040)

138.   Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

139.   *Labor Code* section 226 subdivision (a) requires Defendants and/or DOES, at the time of each payment of wages, "furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee..., (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than the social security number, (8) the name and address of the legal entity that is the employer...(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate and the corresponding number of hours worked at each hourly rate by the employee...."

140.   Labor Code section 226, subdivision (a) also requires that "deductions made from payment of wages shall be recorded in ink or other indelible form, properly dates, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California." to itemize in wage statements and to accurately report the total hours worked and total wages earned. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES have knowingly and intentionally failed to comply with *Labor Code* section 226, subdivision (a), on each and every wage statement provided to Plaintiff JAVIER RODRIGUEZ JR. and members of the proposed Class.

141. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not itemize the gross wages earned on wage statements as Labor Code section 226, subsection (a), requires. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not include the gross wages earned on wage statements. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES therefore knowingly and intentionally failed to itemize the gross wages earned on Plaintiff's and the class' wage statements.

142. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to itemize all gross wages earned on wage statements is not derivative of Plaintiff's cause of action pled herein for failure to pay all straight time wages. It is a stand-alone, wholly independent claim, for failing to itemize gross wages earned on wage statements.

143. As a result, in every pay period during the period of the relevant statute of limitation, Plaintiff and the class members were unable to reasonably ascertain the gross wages earned from wage statements furnished by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES.

144. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not itemize the total hours worked on wage statements as Labor Code section 226, subsection (a), requires. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not include the total hours worked on wage statements. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES therefore knowingly and intentionally failed to itemize the total hours worked on Plaintiff's and the class' wage statements.

145.   FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to itemize total hours worked on wage statements is not derivative of Plaintiff's cause of action pled herein for failure to pay all straight time wages. It is a stand-alone, wholly independent claim, for failing to itemize total hours worked on wage statements.

146.   As a result, in every pay period during the period of the relevant statute of limitation, Plaintiff and the class members were unable to reasonably ascertain the total hours worked from wage statements furnished by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES.

147.   In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not itemize the number of piece-rate units earned, and any applicable piece rate on wage statements as Labor Code section 226, subsection (a), requires. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not include the number of piece-rate units earned, and any applicable piece rate on wage statements. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES therefore knowingly and intentionally failed to itemize the number of piece-rate units earned, and any applicable piece rate on Plaintiff's and the class' wage statements.

148.   FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to itemize number of piece-rate units earned, and any applicable piece rate on wage statements is not derivative of Plaintiff's cause of action pled herein for failure to pay all straight time wages. It is a stand-alone, wholly independent claim, for failing to itemize number of piece-rate units earned, and any applicable piece rate on wage statements.

149.   As a result, in every pay period during the period of the relevant statute of limitation,

Plaintiff and the class members were unable to reasonably ascertain the number of piece-rate units earned from wage statements furnished by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES.

150. Labor Code Section 226.2 further mandates that, for employees like Plaintiff and the proposed class who are paid on a piece-rate basis, employers provide employees an itemized wage statement each pay period that specifies "the total hours of other nonproductive time,.. and the gross wages paid for that time during the pay period." Labor Code Section 226.2 defines "other nonproductive time" as "time under the employer's control, exclusive of rest and recovery periods, that is not directly related to the activity being compensated on a piece-rate basis."

151. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES failed to provide wage statements during the relevant time period that itemized the total hours of other nonproductive time and the gross wages paid for that time during the pay period." As such, Plaintiff and members of the proposed class had no way of knowing what they were paid for those periods.

152. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' violation of Labor Code section 226.2 is not derivative of any other cause of action pled herein or anywhere else. It is a stand-alone, wholly independent claim, for failing to itemize wage statements in accordance with Labor Code section 226.2.

153. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not itemize all deductions from earned wages on wage statements as required by Labor Code section 226, subdivision (a). FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES had a uniform policy of deducting 30-minutes each workday from Plaintiff and the class' wages for meal periods, despite the fact that Plaintiff and the class were working during and throughout the time period of the deduction. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO; INC.

and/or DOES violated the Labor Code section 226, subdivision (a) requirement of itemizing all deductions from wages. As FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knew or had reason to know Plaintiff and the class were working during meal periods, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally failed to comply with Labor Code Section 226, subdivision (a).

154.   FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to itemize all deductions is not derivative of Plaintiff's cause of action pled herein for failure to provide meal periods. It is a stand-alone, wholly independent claim, for failing to itemize all deductions from earned wages on wage statements.

155.   As a result, in every pay period during the period of the relevant statute of limitation, Plaintiff and the class members were unable to reasonably ascertain all deductions from taken from wages paid from wage statements furnished by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES.

156.   In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not itemize net wages earned on wage statements as Labor Code section 226, subsection (a), requires. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not include the net wages earned on wage statements. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES therefore knowingly and intentionally failed to itemize the net wages earned on Plaintiff's and the class' wage statements.

157.   FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to itemize net wages earned on wage statements is not derivative of Plaintiff's cause of

action pled herein for failure to pay all straight time wages. It is a stand-alone, wholly independent claim, for failing to itemize net wages earned on wage statements.

158.   As a result, in every pay period during the period of the relevant statute of limitation, Plaintiff and the class members were unable to reasonably ascertain net wages earned from wage statements furnished by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES.

159.   In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not itemize the beginning and ending date of the pay period on wage statements as Labor Code section 226, subsection (a), requires. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knew of - but violated -: their obligation to include this information on wage statements and knew Plaintiff and the class needed that information to determine if they have been paid correctly during the pay period. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES therefore knowingly and intentionally failed to itemize the beginning and ending of the pay periods on Plaintiff's and the class' wage statements.

160.   FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to itemize the beginning and ending dates of the applicable pay periods on wage statements is not derivative of any of Plaintiff's other causes of action pled herein or anywhere else. It is a stand-alone, wholly independent claim, for failing to itemize the beginning and ending dates of applicable pay periods on wage statements.

161.   As a result, in every pay period during the period of the relevant statute of limitation, Plaintiff and the class members were unable to reasonably ascertain the beginning and ending dates of the applicable pay periods on wage statements furnished by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES.

162.   In every pay period during the period of the relevant statute of limitations,

FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not itemize Plaintiff's and the class member's name and/or the last four digits of the Plaintiff's and the class member's social security number on wage statements as Labor Code section 226, subsection (a), requires. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not include the Plaintiff's and the class member's name and/or the last four digits of the Plaintiff's and the class member's social security number on wage statements. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES therefore knowingly and intentionally failed to itemize the Plaintiff's and the class member's name and/or the last four digits of the Plaintiff's and the class member's social security number on Plaintiff's and the class' wage statements.

163. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failed to itemize Plaintiff's and the class member's name and/or the last four digits of the Plaintiff's and the class member's social security number on wage statements is not derivative of Plaintiff's cause of action pled herein for failure to pay all straight time wages. It is a stand-alone, wholly independent claim, for failing to itemize Plaintiff's and the class member's name and/or the last four digits of the Plaintiff's and the class member's social security number on wage statements.

164. As a result, in every pay period during the period of the relevant statute of limitation, Plaintiff and the class members were unable to reasonably ascertain whether wage statements furnished by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES were the correct wage statements.

165. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not itemize the name and address of the legal entity that is the

employer on wage statements as Labor Code section 226, subsection (a), requires. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not include the name and address of the legal entity that is the employer on wage statements. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES therefore knowingly and intentionally failed to itemize the Plaintiff's and the class member's name and/or the last four digits of the Plaintiff's and the class member's social security number on Plaintiff's and the class' wage statements.

166. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failed to itemize name and address of the legal entity that is the employer on wage statements is not derivative of Plaintiff's cause of action pled herein for failure to pay all straight time wages. It is a stand-alone, wholly independent claim, for failing to itemize name and address of the legal entity that is the employer on wage statements.

167. As a result, in every pay period during the period of the relevant statute of limitation, Plaintiff and the class members were unable to reasonably ascertain the name and address of the legal entity that employed Plaintiff and the class members from the wage statements furnished by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES, and did not have the ability to contact their employer if paid incorrectly or for questions about Plaintiff and class members compensation.

168. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not itemize the applicable rates of pay on wage statements as Labor Code section 226, subsection (a), requires. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knew of – but violated - their obligation to include this information on wage statements and knew Plaintiff and the class needed that information to determine if they have been paid correctly during the pay period. FRESHPOINT,

INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES therefore knowingly and intentionally failed to itemize the applicable rates of pay on Plaintiff's and the class' wage statements.

169. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to itemize the applicable rates of pay on wage statements is not derivative of any of Plaintiff's other causes of action pled herein or anywhere else. It is a stand-alone, wholly independent claim, for failing to itemize the applicable rates of pay on wage statements.

170. As a result, in every pay period during the period of the relevant statute of limitation, Plaintiff and the class members were unable to reasonably ascertain the applicable rates of pay on the wage statements furnished by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES.

171. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not itemize the rates and basis for how bonuses and other incentive pay were calculated on wage statements as Labor Code section 226, subsection (a), requires. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knew of – but violated - their obligation to include this information on wage statements and knew Plaintiff and the class needed that information to determine if they have been paid correctly during the pay period. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES therefore knowingly and intentionally failed to itemize the rates and basis for how bonuses and other incentive pay were calculated on class' wage statements.

172. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to itemize the rates and basis for how bonuses and other incentive pay were calculated on wage statements is not derivative of any of Plaintiff's other causes of action pled herein

or anywhere else. It is a stand-alone, wholly independent claim, for failing to itemize the rates and basis for how bonuses and other incentive pay were calculated on wage statements.

173. As a result, in every pay period during the period of the relevant statute of limitation, Plaintiff and the class members were unable to reasonably ascertain rates and basis for how bonuses and other incentive pay were calculated from the wage statements furnished by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES.

174. In every pay period during the period of the relevant statute of limitations, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knowingly and intentionally did not keep records of deductions from wages in ink or other indelible form for at least three years as Labor Code section 226, subsection (a), requires. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES knew of – but violated – their obligation to so keep these records.   FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES therefore knowingly and intentionally failed to keep accurate records of deductions from Plaintiff's and the class' wages.

175. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' violation of Labor Code section 226, subdivision (a) for knowingly and intentionally failing to keep records of deductions from wages in ink or other indelible form for at least three years is not derivative of any of Plaintiff's other causes of action pled herein or anywhere else. It is a stand-alone, wholly independent claim, for failing to keep records of deductions from wages in ink or other indelible form for at least three years.

176. As a direct result of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC. and/or DOES' unlawful acts, Plaintiff and the class they intend to represent have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to Labor Code section 226.

177. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described

below.

**Sixth Cause of Action Against FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

178. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

179. Plaintiff JAVIER RODRIGUEZ JR. terminated his employment with FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES.

180. Whether Plaintiff JAVIER RODRIGUEZ JR. voluntarily or involuntarily terminated his employment with FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES, Defendants and/or DOES did not timely pay him straight time wages, overtime wages, meal period premiums, and/or rest period premiums, owed at the time of his termination.

181. Numerous members of the Class are no longer employed by FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES. They were either fired or quit FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES employ. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES did not pay all timely wages owed at the time of their termination.

182. *Labor Code* section 203 provides that, if an employer willfully fails to pay, without abatement or reduction, in accordance with *Labor Code* sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

183. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES failed to pay Plaintiff JAVIER RODRIGUEZ JR. a sum certain at the time of his termination or within seventy-two (72) hours of his resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of *Labor Code* section 203, Plaintiff

JAVIER RODRIGUEZ JR. is entitled to a penalty in the amount of his daily wage, multiplied by thirty (30) days.

184. When Plaintiff and those members of the Class who are former employees of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES separated from FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES employ, Defendants and/or DOES willfully failed to pay all straight time wages, overtime wages, meal period premiums, and/or rest period premiums owed at the time of termination.

185. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES failure to pay said wages to Plaintiff JAVIER RODRIGUEZ JR. and members of the Class he seeks to represent, was willful in that FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES and each of them knew the wages to be due, but failed to pay them.

186. As a consequence of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and/or DOES willful conduct in not paying wages owed at the time of separation from employment, Plaintiff JAVIER RODRIGUEZ JR. and members of the proposed Class are entitled to thirty (30) days worth of wages as a penalty under *Labor Code* section 203, together with interest thereon and attorneys' fees and costs.

187. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Seventh Cause of Action Against FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES: Violation of Unfair Competition Law (California Bus. & Prof. Code, § 17200, et seq.)**

188. Plaintiff and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

189. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES failure to pay all straight time and overtime wages earned, failure to provide compliant meal and/or

rest breaks and/or compensation in lieu thereof, failure to itemize and keep accurate records, failure to pay all wages due at time of termination, as alleged herein, constitutes unlawful activity prohibited by *California Business and Professions Code* section 17200, et seq.

190. The actions of FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES in failing to pay Plaintiff and members of the proposed Class in a lawful manner, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of *California Business and Professions Code* section 17200, et seq.

191. Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as members of the general public actually harmed and as a representative of all others subject to FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES unlawful acts and practices.

192. As a result of their unlawful acts, FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES have reaped and continue to reap unfair benefits at the expense of Plaintiff and the proposed Class he seeks to represent. FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the proposed Class pursuant to *Business and Professions Code* section 17203. Plaintiff is informed and believes, and thereon alleges, that Defendants and/or DOES are unjustly enriched through their policy of not all wages owed to Plaintiff and members of the proposed class.

193. Plaintiff is informed and believes, and thereon alleges, that Plaintiff and members of the proposed class are prejudiced FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES unfair trade practices.

194. As a direct and proximate result of the unfair business practices of FRESHPOINT, INC.;

FRESHPOINT SAN FRANCISCO, INC., and/or DOES, and each of them, Plaintiff, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiff and members of the proposed Class as a result of the business acts and practices described herein and enjoining FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES from engaging in the practices described herein.

195.    The illegal conduct alleged herein is continuing, and there is no indication that FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

196.    Plaintiff further requests that the Court issue a preliminary and permanent injunction prohibiting FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC., and/or DOES from continuing to not pay Plaintiff and the members of the proposed Class overtime wages as discussed herein.

197.    WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

///
///
///
///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That the Court determine that this action may be maintained as a class action;

2. For compensatory damages, in an amount according to proof at trial, with interest thereon;

3. For economic and/or special damages in an amount according to proof with interest thereon;

4. For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

5. For compensation for all time worked;

6. For compensation for not being provided paid rest breaks;

7. For compensation for not being provided paid meal periods;

8. For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

9. For all waiting time penalties owed;

10. That Defendants be found to have engaged in unfair competition in violation of sections 17200 et seq. of the *California Business and Professions Code*;

11. That Defendants be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to *California Business and Professions Code* sections 17203 and 17204;

12. That an order of specific performance of all penalties owed be issued under *Business and Professions Code* sections 17202;

13. That Defendants be enjoined from continuing the illegal course of conduct alleged herein;

14. That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200 et seq. of the *California Business and Professions*

CLASS ACTION COMPLAINT                53

Code;

15.   That Defendants be enjoined from further acts of restraint of trade or unfair competition;

16.   For attorneys' fees;

17.   For interest accrued to date;

18.   For costs of suit and expenses incurred herein; and

19.   For any such other and further relief as the Court deems just and proper.

Dated: July 27, 2016                    THE TURLEY LAW FIRM, APLC

William Turley, Esq.
Dave Mara, Esq.
Jill Vecchi, Esq.
Representing Plaintiff JAVIER RODRIQUEZ JR.
on behalf of himself, all others similarly situated;
and on behalf of the general public.

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FRESHPOINT, INC.; FRESHPOINT SAN FRANCISCO, INC.; and
DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAVIER RODRIGUEZ JR. on behalf of himself, all others similarly
situated, and on behalf of the general public

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

JUL 2 8 2016

CLERK OF THE SUPERIOR COURT
By _____
JANIE THOMAS, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: |
| --- |
| *(El nombre y dirección de la corte es):* Alameda |
| 1225 Fallon Street |
| Oakland, CA 94612 |

| CASE NUMBER: |
| --- |
| *(Número del Caso):* |
| RG16825142 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William Turley, Esq./ The Turley Law Firm, APLC, 7428 Trade Street, San Diego, CA 92121

| DATE: JUL 2 8 2016 | Chad Finke | Clerk, by | Janine Lucas | , Deputy |
| --- | --- | --- | --- | --- |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Freshpoint, Inc.

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| William Turley, Esq. (122408)<br>The Turley Law Firm, APLC<br>7428 Trade Street<br>San Diego, CA 92121 | **ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY**<br><br>JUL 2 8 2016<br><br>CLERK OF THE SUPERIOR COURT<br>By _____<br>JANIE THOMAS, Deputy |
| TELEPHONE NO: 619-234-2833   FAX NO: 619-234-4048 | |
| ATTORNEY FOR *(Name):* Plaintiff, Javier Rodriguez Jr. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME:
Javier Rodriguez Jr. v. Freshpoint, Inc.; Freshpoint San Francisco, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✔] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE:<br><br>DEPT: | **RG16825142** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | *(Cal. Rules of Court, rules 3.400–3.403)* |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✔] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✔] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [✔] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✔] monetary   b. [✔] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [✔] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 07/28/16
Jill Vecchi, Esq.
_____
(TYPE OR PRINT NAME)      ▶ _____  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding *(except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.)* Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

BY FAX

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In Item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court
    Case Matter
  Writ—Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want ~~someone other than themselves to decide the outcome.~~

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – <u>S</u>ervices that <u>E</u>ncourage <u>E</u>ffective <u>D</u>ialogue and <u>S</u>olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1.  Date complaint filed: _____. An Initial Case Management Conference is scheduled for:

    Date:                          Time:                          Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

    ☐ Court mediation            ☐ Judicial arbitration
    ☐ Private mediation          ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____                ▷ _____
      (TYPE OR PRINT NAME)                                (SIGNATURE OF PLAINTIFF)

Date:

_____                ▷ _____
      (TYPE OR PRINT NAME)                                (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

ALA ADR-001

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

▶

_____  _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF DEFENDANT)

Date:

▶

_____  _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

| | |
|---|---|
| *Case Name:* | **Javier Rodriguez Jr. v. Freshpoint, Inc., et al.** |
| *Court:* | **Alameda Superior Court** |
| *Case Number:* | **RG16825142** |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I am employed in the County of:  San Diego, State of California.

I am over the age of 18 and not a party to the within action; my business address is:
7428 Trade Street San Diego, CA 92121

On August 16, 2016, I served the foregoing documents described as:

### COMPLAINT

### CIVIL CASE COVER SHEET

### SUMMONS

### ADR PACKET

### STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS

On interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows

CORPORATION SERVICE COMPANY
WHICH WILL DO BUSINESS IN
CALIFORNIA AS CSC - LAWYERS
INCORPORATING SERVICE
2710 Gateway Oaks Dr., Ste. 150N
Sacramento, CA 95833

[] **(BY UNITED STATES MAIL)** On, I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses named above and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

[] **(BY FAX)** In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addresses named above.  No error was reported by the fax machine that I used.

[] **(BY E-MAIL)** I caused the documents to be sent to the persons at the electronic notification addresses of the parties named above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

### PAGE 1 OF 2

[XX]   **(BY PERSONAL SERVICE)** On August 16, 2016, in addition to service methods listed above (if any), the above documents were delivered to the above recipients via personal delivery.

[]   **(BY UPS OVERNIGHT DELIVERY)** On, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses named above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[XX]   **(DECLARATION)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: August 16, 2016

Andre Wolf

**PAGE 2 OF 2**



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

null / ALL
**Transmittal Number: 15525561**
**Date Processed: 08/18/2016**

| | |
|---|---|
| Primary Contact: | Rosalinda Leal<br>Sysco Corporation<br>1390 Enclave Parkway<br>Houston, TX 77077-2099 |
| Electronic copy provided to: | Barrett Flynn<br>Eve McFadden<br>Dawn Becker |

| | |
|---|---|
| Entity: | Freshpoint, Inc.<br>Entity ID Number  3339608 |
| Entity Served: | Freshpoint, Inc. |
| Title of Action: | Javier Rodriguez Jr. vs. Freshpoint, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Alameda County Superior Court, California |
| Case/Reference No: | RG16825142 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 08/17/2016 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | William Turley<br>619-234-2833 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not
constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



**CORPORATION SERVICE COMPANY'**

# Notice of Service of Process

**MWM / ALL**
**Transmittal Number: 15526462**
**Date Processed: 08/18/2016**

| | |
|---|---|
| Primary Contact: | Rosalinda Leal<br>Sysco Corporation<br>1390 Enclave Parkway<br>Houston, TX 77077-2099 |
| Electronic copy provided to: | Dawn Becker<br>Eve McFadden<br>Barrett Flynn |

| | |
|---|---|
| Entity: | Freshpoint San Francisco, Inc.<br>Entity ID Number  3339605 |
| Entity Served: | Freshpoint San Francisco, Inc. |
| Title of Action: | Javier Rodriguez Jr vs. Freshpoint, Inc |
| Document(s) Type: | Notice of Hearing |
| Nature of Action: | Class Action |
| Court/Agency: | Alameda County Superior Court, California |
| Case/Reference No: | RG16825142 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 08/18/2016 |
| Answer or Appearance Due: | 10/04/2016 |
| Originally Served On: | CSC |
| How Served: | Regular Mail |
| Sender Information: | Jill Vecchi<br>619-234-2833 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscglobal.com

1   WILLIAM TURLEY, Esq., Bar No. 122408
    bturley@turleylawfirm.com
2   DAVID MARA, Esq., Bar No. 230498
    dmara@turleylawfirm.com
3   JILL VECCHI, Esq., Bar No. 299333
    jvecchi@turleylawfirm.com
4   **THE TURLEY LAW FIRM, APLC**
    7428 Trade Street
5   San Diego, CA 92121
    Telephone:    619.234.2833
6   Facsimile:    619.234.4048

7   **Attorneys for Plaintiff JAVIER RODRIGUEZ JR.**
    on behalf of himself and all others similarly situated,
8   and on behalf of the general public.

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     IN AND FOR THE COUNTY OF ALAMEDA

11

12   JAVIER RODRIGUEZ JR., on behalf of          Case No. RG16825142
     himself and all others similarly situated, and
13   on behalf of the general public,

14                   Plaintiff,                   **NOTICE OF HEARING**

15   v.

16   FRESHPOINT, INC.; FRESHPOINT SAN
     FRANCISCO, INC.; and DOES 1-100,
17
                     Defendants.
18

19

20   **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21       **NOTICE IS HEREBY GIVEN** that a Complex Determination Hearing is set for September 6,

22   2016 at 3:00 p.m. as well as a Case Management Conference set for October 4, 2016 at 3:00 p.m. in

23   Department 30, located in the U.S. Post Office Building, Second Floor, 201 13th Street, Oakland,

24   California. A true and correct copy of the Notice of Hearing is attached hereto as Exhibit 1.

25                                        **THE TURLEY LAW FIRM, APLC**

26   Date:   August 15, 2016              Signed: _Jill Vecchi_
                                                  Jill Vecchi, Esq.
27                                                Attorneys for Plaintiff

28

                                        -1-

NOTICE OF HEARING                                              Case No. RG16825142

# Exhibit 1

```
┌ THE TURLEY LAW FIRM, APLC        ┐    ┌ Freshpoint, Inc.              ┐
  Attn: Turley Esq, William
  7428 Trade Street
  San Diego, CA   92121
└                                  ┘    └                              ┘
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Rodriguez | | No. RG16825142 |
|---|---|---|
| | Plaintiff/Petitioner(s) | |
| VS. | | NOTICE OF HEARING |
| Freshpoint, Inc. | | |
| | Defendant/Respondent(s) | |
| | (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 09/06/2016   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
             201 13th Street, Oakland

Case Management Conference:
DATE: 10/04/2016   TIME: 03:00 PM   DEPARTMENT: 30
LOCATION:  U.S. Post Office Building, Second Floor
             201 13th Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 30 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 268-5104.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 30.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732.  No fee is charged for this service.  For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 30.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 30 by e-mail at Dept.30@alameda.courts.ca.gov or by phone at (510) 268-5104.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 07/29/2016                    Chad Finke  Executive Officer / Clerk of the Superior Court

                            By _____
                                                        Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

                Executed on 08/01/2016.

                            By _____
                                                        Deputy Clerk

| | |
|---|---|
| *Case Name:* | **Javier Rodriguez Jr. v. Freshpoint, Inc.; Freshpoint San Francisco, Inc.; and Does 1-100** |
| *Court:* | **Alameda Superior Court** |
| *Case Number:* | **RG16825142** |

### PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I am employed in the County of: San Diego, State of California.

I am over the age of 18 and not a party to the within action; my business address is: 7428 Trade Street San Diego, CA 92121

On August 15, 2016, I served the foregoing document(s) described as:

### NOTICE OF HEARING

On interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive, Ste 150N
Sacramento, CA 95833

**[XX]** **(BY UNITED STATES MAIL)** On August 15, 2016, I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses named above and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

[] **(BY FAX)** In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addresses named above. No error was reported by the fax machine that I used.

[] **(BY E-MAIL)** I caused the documents to be sent to the persons at the electronic notification addresses of the parties named above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[] **(BY PERSONAL SERVICE)** On, in addition to service methods listed above (if any), the above documents were delivered to the above recipients via personal delivery.

[] **(BY UPS OVERNIGHT DELIVERY)** On, I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses named above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

**[XX]** **(DECLARATION)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: August 15, 2016

Scott Kim

### PAGE 1 OF 1