UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER RODRIGUEZ, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESHPOINT, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-5271-PJH<br><br>**ORDER DENYING MOTION TO DISMISS; ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

The motion of defendants Freshpoint, Inc., and Freshpoint San Francisco, Inc. to dismiss the first through fourth causes of action as preempted by § 301 of the Labor Management Relations Act ("LMRA") came on for hearing before this court on November 2, 2016. Plaintiff Javier Rodriguez, Jr., appeared by his counsel Jill Vecchi, and defendants appeared by their counsel Vartan Madoyan. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion as follows and for the reasons stated at the hearing.

This is a wage-and-hour case asserting seven state-law causes of action. Plaintiff filed the complaint in the Superior Court of California, County of Alameda, on July 28, 2016. Defendants removed the case on September 14, 2016, alleging federal subject matter jurisdiction pursuant to 28 U.S.C. § 1441, on the basis that the relief sought in the second, third, and fourth causes of action arises under and is preempted by § 301 of the

1   LMRA.  They also alleged that the court has supplemental jurisdiction over the remaining
2   causes of action.
3         It is undisputed that the terms of plaintiff's employment were governed by a
4   collective bargaining agreement ("CBA").  On September 21, 2016, defendants filed a
5   motion to dismiss the complaint, arguing that the first (failure to pay "straight-time
6   wages"), second (failure to pay overtime), third (failure to provide meal breaks) and fourth
7   (failure to provide rest breaks) causes of action are preempted by the LMRA; that the
8   second cause of action is barred by California Labor Code § 514; that the third cause of
9   action is barred by Labor Code § 512(e), (f)(2); that the fifth cause of action (failure to
10  provide itemized wage statements) is premised on the meal- and rest-break allegations
11  and thus fails to state a claim; and that the sixth and seventh causes of action fail
12  because they are derivative of the other claims.
13        In the opposition to the motion, plaintiff withdrew the second and third causes of
14  action, and plaintiff's counsel confirmed at the hearing that those two causes of action are
15  voluntarily dismissed.  Accordingly, the court addresses the issue of preemption only as
16  to the first and fourth causes of action.
17        In the absence of diversity jurisdiction, removal to federal court is only proper
18  when "a federal question is presented on the face of the plaintiff's properly pleaded
19  complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Once preempted,
20  "any claim purportedly based on [a] . . . state law is considered, from its inception, a
21  federal claim, and therefore arises under federal law."  Id. at 393 (citation omitted).
22  Under § 301 of the LMRA, disputes regarding collective bargaining agreements are
23  exclusively governed by federal jurisdiction.  29 U.S.C. § 185(a).  However, a state law
24  claim is not preempted by a CBA unless "adjudication of the claim must require
25  interpretation of a provision of the CBA."  See Cramer v. Consol. Freightways, 255 F.3d
26  683, 691-92 (9th Cir. 2001).
27        The Ninth Circuit follows a two-part analysis in determining whether a plaintiff's
28  claim is preempted by § 301.  Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1060 (9th

United States District Court
Northern District of California

Cir. 2007). First, the court must "determine whether a particular right inheres in state law, or is instead grounded in a CBA." Id. If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." Id. at 1059. However, if the claim exists independently of the CBA, then the court must decide whether it is "'substantially dependent' on the terms of a CBA" by determining "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA." Id. at 1060 (citations omitted). If the claim requires interpretation of the CBA, it is preempted; if it merely requires "looking to" the CBA, it is not preempted." Id.

Here, the court finds that no interpretation of the CBA is required to resolve the first and fourth causes of action. Accordingly, the motion to dismiss those claims as preempted is DENIED. Courts in the Ninth Circuit construe the removal statute strictly against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Because of this "strong presumption" against removal, the defendant bears the burden of establishing removal jurisdiction. Id. In this case, defendants alleged only LMRA preemption as the basis for federal question jurisdiction in the notice of removal. Thus, the court's finding of no preemption translates into a finding of no federal subject matter jurisdiction.

Subject matter jurisdiction may not be waived. Kelton Arms Condominium Owners Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). Where, following removal, a federal district court determines that it lacks subject matter jurisdiction, "the case shall be remanded." See 28 U.S.C. § 1447(c); see also Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016) (district court must remand if it lacks jurisdiction; no motion is necessary).[1]

For these reasons, the motion to dismiss the first and fourth causes of action as preempted is DENIED, the motion to dismiss the fifth through seventh causes of action is

---

[1] At the hearing, counsel for defendants asserted that the court has "continuing supplemental jurisdiction" over the claims remaining in the case. The court does not address that argument, however, because it did not have subject matter jurisdiction at the time of removal, and there is thus no basis for supplemental jurisdiction.

DENIED as moot, and the case is ORDERED remanded to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: November 2, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge